

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

ENTERED
02/04/2013

|  |  |
|---|---|
| IN RE | ) |
| AMELIA V. KELLY, | ) CASE NO. 12-80534-G3-7 |
| Debtor, | ) |
| JANET NORTHRUP, TRUSTEE, | ) |
| Plaintiff, | ) |
| v. | ) ADV. NO. 13-8001 |
| MATTHEW D. WIGGINS, JR., | ) |
| Defendant. | ) |

<u>MEMORANDUM OPINION</u>

The court has considered the "Emergency Application for Temporary Restraining Order, Temporary Injunction, and Turnover/payment of Property of the Estate" (Docket No. 2). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the instant application. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Amelia V. Kelly ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on October 23, 2012.

Debtor filed a notice of conversion to Chapter 7 on November 16, 2012.  Janet Northrup ("Trustee") is the Chapter 7 Trustee.

On October 29, 2012, prior to the date of conversion of Debtor's Chapter 13 case to Chapter 7, Matthew D. Wiggins, Jr. ("Defendant") filed an emergency motion for relief from the automatic stay, with respect to a "bed and breakfast" located at 701 Bay, Kemah, Texas.  Defendant's motion for relief from stay was set for an evidentiary hearing on November 19, 2012.

During February, 2012, approximately ten months prior to the date of filing of the petition in Debtor's bankruptcy case, Debtor and Defendant litigated a week-long jury trial in the 122nd Judicial District Court of Galveston County, Texas, in a suit brought by Debtor to set aside a foreclosure of the property conducted by Wiggins in January, 2010.  The state court suit resulted in a judgment determining that Wiggins' foreclosure was void, and that Debtor held title to the property.  Debtor's interest in the property was determined to be subject to a lien in favor of Wiggins, created under the state court judgment.  (Trustee's Exhibit 1).

Debtor filed a notice of conversion of the case from Chapter 13 to chapter 7 on November 16, 2012.  Defendant notified Trustee of the pending motion for relief from stay.

At the hearing on the instant temporary restraining order application, Trustee testified that she had notice of

Defendant's motion for relief from stay, and determined not to oppose the motion.

After an evidentiary hearing, this court granted Defendant's motion for relief from stay, modifying the stay to permit Defendant and Debtor to exercise their rights and remedies under state law.  (Docket No. 37, Case No. 12-80534-G3-7).

In the instant adversary proceeding, Trustee seeks turnover of the property, an accounting of income from the property from January, 2010 through the present, and a declaratory judgment determining the rights of the parties.  In the instant application, Trustee seeks a temporary restraining order enjoining Wiggins from conducting a foreclosure or other transfer as to the property, and seeks immediate possession of the property.

There have been three proofs of claim filed in Debtor's Chapter 7 case, totaling $44,297.51 in amount.[1]

Trustee testified that Wiggins has remained in possession of the property since the 2010 judgment was entered. She testified that he has provided some information regarding the property, but has not accounted to her for any income and expenses during his occupancy of the property.

---

[1] The court notes that the March 14, 2013, deadline for filing of a proof of claim, stated in the Trustee's "Notice of Assets, Notice to Creditors and Other Parties in Interest of the Need to File Claims" (Docket No. 43, Case No. 12-80534-G3-7), has not passed.

Trustee testified that she has not been offered access to the property or the books and records from operation of the property, in order to have an appraisal done.

### Conclusions of Law

In determining whether to grant injunctive relief, the court considers whether there is a substantial likelihood that the movant will prevail on the merits; whether there is a substantial threat that the movant will suffer immediate and irreparable injury if the injunction is not granted; whether the threatened injury to the movant outweighs the threatened harm an injunction may cause the party opposing the injunction; and whether the granting of the injunction will not disserve the public interest.  The Plaintiff has the burden of proof on each of these elements. <u>Commonwealth Life Ins. Co. v. Neal</u>, 669 F.2d 300 (5th Cir. 1982).

In the instant case, on the question of the likelihood that Trustee will prevail on the merits, the evidence is mixed. It is clear that the state court judgment determined that title to the property was vested in Debtor.  However, the same judgment also decreed that Defendant has a lien with respect to the property.  Trustee has not presented any evidence to support an argument that Defendant's lien is not valid.  To the extent the

estate has a possessory interest in the property, it appears that the estate may have a remedy in damages.  On the question of immediate and irreparable injury, Trustee has presented no evidence to show any injury which could not be remedied by an award of damages.  No evidence was presented on the balance of the asserted injury to the estate as against any injury to Defendant, or as to the public interest.  The court concludes that Plaintiff has failed to meet the burden of proof for issuance of a temporary restraining order.

Based on the foregoing, a separate Judgment will be entered denying the "Emergency Application for Temporary Restraining Order, Temporary Injunction, and Turnover/payment of Property of the Estate" (Docket No. 2) filed by Trustee.

Signed at Houston, Texas on February 4, 2013.

*[signature]*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE