UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| In re | § | |
|    Amelia V. Kelly | § | |
|       Debtor | § | CASE NO. 12-80534-G3-7 |
| | § | |
| JANET NORTHRUP, TRUSTEE, | § | |
|    Plaintiff | § | |
| | § | |
|       vs. | § | ADVERSARY NO. 13-8001 |
| | § | |
| MATTHEW D. WIGGINS, JR., and | § | |
| TEXAS CITIZENS BANK, N.A., | § | |
|    Defendants. | | |

### PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

    **COMES NOW**, Janet Northrup, Trustee, Plaintiff, and files this *Motion to Compel Production Of Documents and Interrogatory Responses*, and would respectfully show the Court as follows:

1) The Complaint in this adversary was filed on January 31, 2013. The discovery deadline is July 30, 2013.

2) Plaintiff timely, and properly, served *Requests For Production* and *Interrogatories* to the Defendant by electronic transmission on June 24, 2013. See attached Exhibit A

3) By email on the same day, June 24, 2013, counsel for Wiggins requested that hard copies of the discovery requests be delivered to him.  Hard copies were hand delivered to counsel on June 24, 2013.

4) On July 11, 2013, counsel for Wiggins, by email, indicated that he believed that the discovery requests were improper since they were signed electronically with a */s/* signature instead of a hand signature.  Wiggins counsel indicated that due to the electronic signature, there was no obligation to respond.

5) On July 15, 2013, duplicate copies of the discovery requests were forwarded to counsel for Wiggins which contained handwritten signatures.[1]  See Exhibit B. To the extent the original requests were "un-signed", the defect was cured on July 15, 2013 and the service date of the requests was unchanged.

6) Responses to the discovery requests were due on or before July 24, 2013.

7) No responses have been received to any of the requests.  Objections to the requests have now been waived.

8) Counsel for Wiggins has indicated that Wiggins has no intention of responding to the requests.

9) Plaintiff requests an order from the Court ordering responses and production and further ordering Wiggins to pay the reasonable and necessary attorney fees and costs associated with the filing and prosecution of this Motion.

**WHEREFORE**, Janet Northrup, Trustee requests the Court to grant her Motion, compel Wiggins to adequately respond to her Production Requests and her Interrogatories, order Wiggins to pay her fees and costs associated with this

---

[1] A handwritten signature is unnecessary (/s/ signature and electronic service consented to with ECF registration). See U.S. District Court, Southern District of Texas – Administrative Procedures for Electronic Filing in Civil and Criminal Cases, ¶ 2(A) ("Registration as a Filing User constitutes consent to electronic service of all documents".)

Motion and to grant her such other and further relief, at law or in equity, to which she may be justly entitled.

Dated: <u>July 30, 2013</u>

>Respectfully submitted,
>
>By:  <u>/s/ Johnie Patterson</u>
>      Johnie Patterson
>      attorney-in-charge
>      SBN 15601700

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208
713.956.5577
713.956.5570 fax

## CERTIFICATE OF SERVICE

I, Johnie Patterson, hereby certify that a true and correct copy of the foregoing Motion was served upon Mr. Josh Judd, on July 30, 2013 by electronic transmission.

>  <u>/s/ Johnie Patterson</u>
>Johnie Patterson

## CERTIFICATE OF CONFERENCE

I certify that I have corresponded with Mr. Judd by email regarding his client's refusal to respond to the discovery. Mr. Judd indicated that since the handwritten signatures of counsel were not received until July 15, 2013 that his client had no obligation to respond due to the discovery completion deadline of July 30, 2013.

>  <u>/s/ Johnie Patterson</u>
>Johnie Patterson