UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| AMELIA VICTORIA KELLY § | Case No. 12-80534 | |
| § | Chapter 7 | |
| *Debtor* § | | |
| § | Honorable Letitia Z. Paul | |
| § | | |
| JANET NORTHRUP, TRUSTEE § | | |
| *Plaintiff* § | | |
| § | | |
| V. § | Adversary No. 13-08001 | |
| § | | |
| MATTHEW D. WIGGINS & TEXAS § | | |
| CITIZENS BANK, NA. § | | |
| *Defendant(s)* § | | |

## MATTHEW WIGGINGS, JR., RESPONSE TO PLAINTIFF'S MOTION TO COMPEL, REQUEST FOR SANCTIONS AGAINST THE TRUSTEE FOR SUBSTANTIAL DISCOVERY ABUSE

Matthew Wiggins ("Wiggins") files this Response to Plaintiff's Motion to Compel, Request for Sanctions against the Plaintiff, and Motion for Protective Order, and respectfully would show this Court the following:

1.  The Court should deny Plaintiff's motion and issue an order sanctioning the plaintiff for improper certification of her own discovery.

2.  Plaintiff served unsigned discovery requests on Mr. Wiggins on or about June 24, 2013.[1]

3.  Parties have no duty to act on and unsigned discovery request. See Fed. R. Civ. 26(g)(2).

4.  It is undisputed that the discovery deadline in this case i/was July 31, 2013.

---

[1] Part 8A of the Administrative Procedures for Electronically Filing" provides that a party may electronically sign a document filed with the court . Discovery is not filed with the court. The U.S. Supreme Court has held that unless a rule provides otherwise, a signature means a hand written name, not typing ones name. *Becker v. Montgomery*, 532 U.S. 757 (2001).

5.     On July 15, 2013, Plaintiff served its untimely (but signed) discovery requests upon Mr. Wiggins. Plaintiff demanded that Mr. Wiggins respond to the untimely discovery by July 24, 2013 (a mere nine days after service).

6.     Fed. R. Civ. Proc. 33 and 34 require at least 30 days to respond to Interrogatories and Requests for Production. Because Plaintiff's discovery was served 15 days before the end of discovery, the Plaintiff's discovery requests are untimely and no response is required. Thus, the Plaintiff's motion should be denied.

7.     Moreover, the Plaintiff comes to the court with unclean hands and is guilty of significant discovery abuse in this case.

8.     Mr. Wiggins has already voluntary produced over 350 pages of responsive documents to the Plaintiff and identified the documents pursuant to the chart below.[2] When Plaintiff's counsel notified counsel for Mr. Wiggins that he would be filing a motion to compel, counsel for Wiggins ask the following question:

> "I don't understand what you would be compelling? We have provided you with all of the substantive documents your unsigned and (now) untimely discovery requested."

9.     Rather than actually conferring about the Motion to Compel and what specific document the Plaintiff had not been provided, Plaintiff filed the Motion to Compel. That is not adequate conferencing required under Rule 37. The motion should be denied on that ground alone.

---

[2] Due to the large amount of documents and the fact that many are marked as CONFIDENTIAL and subject to a confidentiality agreement, Mr. Wiggins is not attaching a copy the documents produced to this response but will present them to the court at any hearing, if necessary.

10. As stated above, Mr. Wiggins has already produced the following documents to the Plaintiff as part of his Initial Disclosures.

| Document Category | |
|---|---|
| Hotel tax returns related to 701 Bay (Captains Quarters). | See attached. |
| Loan ledger related loan from Texas Citizens Bank related to 701 Bay | See attached. |
| Comcast invoices related to 701 Bay. | See attached. |
| Brilliant Entergy account statement for 701 Bay. | See attached. |
| Reliant Energy account statement for 701 Bay. | See attached. |
| TXU Energy account statement for 701 Bay. | See attached. |
| Galveston County W.C.I.D. account statements related to 701 Bay. | See attached. |
| CenterPoint Entergy account statement related to 701 Bay. | See attached. |
| Farmers Insurance account statements related to 701 Bay. | See attached. |
| Clear Creek ISD tax account statement related to 701 Bay. | See attached. |
| Final Judgment in Adversary Proceeding No. 12-08016 dated January 15, 2013. | See attached. |
| Original Complaint in Adversary Proceeding No. 12-08016 | See attached. |
| Final Judgment dated 6/22/2012 in Texas State Court case. | See attached. |
| Promissory Note in favor of Texas Citizens Bank | See attached. |
| Debtor's Schedule B | See attached. |
| Debtor's Schedule I | See attached. |
| Debtor's Schedule J | See attached. |
| Debtor's Statement of Financial Affairs | See attached. |

| | |
|---|---|
| Debtor's Means Test | See attached. |
| Debtor's Chapter 13 Plan | See attached. |
| Notice of Foreclosure for January 5, 2010 foreclosure sale. | See attached. |
| Adjustable Rate Note dated August 25, 2006 for the benefit of First Franklin. | See attached. |
| Debtor's Bankruptcy Schedule A, B, C, Statement of Intent and Statement of Financial Affairs filed in Bankruptcy case no. 09-80207. | See attached. |
| Webpage of Captain's Quarters | See attached. |
| Nothing Further Certificate | See attached. |
| Special Warranty Deed – 2009034268 | See attached. |
| Deed of Trust – 2009034287 | See attached. |
| Notice of Designation/Appointment of Substitute Trustee -- 2009068064 | See attached. |
| Substitute Trustee's Deed – 2010032370 | See attached. |
| Deed of Trust – 2011009905 | See attached. |
| Absolute Assignment of Rents -- 2011009906 | See attached. |
| Non-Homestead Affidavit – 2011009907 | See attached. |
| Notice of Lis Pendens – 2011012029 | See attached. |
| Final Judgment – 2012040457 | See attached. |
| Appointment of Substitute Trustee – 2012056748 | See attached. |
| Lien Affidavit – 2010052626 | See attached. |
| Lien Affidavit – 2009038786 | See attached. |
| Release of Lien – 2011019266 | See attached. |
| Real Estate Lien Note dated June 19, 2009 | See attached. |
| Proof of Claim of Matthew Wiggins | See attached. |

| Proof of Claim of Texas Citizens Bank | See attached. |
|---|---|
| Claims register in case no. 12-80534 | See attached. |
| Notice of Withdraw of Proof of Claim No. 2 | See attached. |
| Hearing transcript of November 19, 2012 hearing on Matthew Wiggin's Motion for Relief from Stay. | See attached. |

11.  All of the foregoing documents were produced to the Plaintiff. The Plaintiff's interrogatories to Mr. Wiggins are non-sensical and are mere form questions regarding affirmative defenses. The necessary facts in this case are contained within the state court judgment, pleadings or relevant loan documents, all of which have been identified and produced to the Plaintiff. The Plaintiff's Motion to Compel is solely meant to harass and annoy the estate's largest creditor. Mr. Wiggins previously offered to pay the other unsecured creditors in full to resolve this matter. Plaintiff ignored that offer. The only explanation is that the Plaintiff pursues this frivolous litigation for her own self interest rather than for the benefit of the estates creditors. Mr. Wiggins holds a final judgment against the Debtor in the principal amount of $660,000 (after a week-long jury trial) that is secured by a lien on the property located at 701 Bay Avenue, Kemah Texas. The Plaintiff (or Debtor) cannot avoid the Final Judgment. In fact, the Debtor filed an adversary proceeding against Mr. Wiggins pursuant to 11 U.S.C. § 522(f) in an attempt to avoid Mr. Wiggins lien. Mr. Wiggins prevailed in that adversary proceeding and it was dismissed with prejudice. See Final Judgment, Doc. # 12 in adversary case no. 12-8016.

12.  Moreover, this Court previously entered a judgment granting Mr. Wiggins relief from the automatic stay to pursue foreclosure of his lien (See Judgment, Doc. # 37 in case no. 12-80534). The Plaintiff had actual notice of the Motion for Relief and the hearing and did not

oppose the relief sought. Now, in this adversary proceeding the Plaintiff is attempting to enjoin what this Court already authorized to occur.

13. Further, rather than the Plaintiff actually conferring in good faith and identifying with specificity what she actually has not been provided by Mr. Wiggins, Plaintiff filed the Motion to Compel and presumably expects the Court to sort out what the Plaintiff needs. The Motion to Compel is a waste of judicial resources, was not filed in good faith, and should be denied.

14. Finally, Plaintiff filed this suit on or about January 31, 2013. Discovery ended on July 31, 2013. Plaintiff failed to make her Initial Disclosures until July 29, 2013, and even then failed to make accurate disclosures. Specifically, Plaintiff failed to identify the name, address and telephone number of her real estate broker who inspected the property in February or March of 2013. Plaintiff conceals the identity of her real estate broker in an attempt to "blame" Mr. Wiggins for not cooperating in discovery. Not only were Plaintiff's Initial Disclosures untimely and materially inaccurate, they were filed on the eve of the discovery deadline (and only a few hours before the Plaintiff filed her Motion to Compel). As a Chapter 7 trustee, Plaintiff is a professional litigant. Plaintiff is well aware of her obligation to disclose persons with knowledge of relevant facts. Instead, Plaintiff ignores the rules.

## MOTION FOR SANCTION AGAINST PLAINTIFF FOR DISCOVERY ABUSE

15. Plaintiff is guilty of discovery abuse. Written discovery requests must be served on all parties, unless the court orders otherwise. See. Fed. R. Civ. Proc. 5(a)(1)(c). In this case, the Court has not made any exceptions to this long standing rule. In clear violation of Rule 5(a), the Plaintiff served discovery on Texas Citizens Bank seeking confidential and personal information of Mr. Wiggins (entirely unrelated to this case) without serving a copy of the

discovery upon Mr. Wiggins. Plaintiff's actions were a clear attempt at an end-around the rules and to avoid Mr. Wiggins seeking a protective order for discovery that was abusive and harassing.[3] An example of the Plaintiff's abusive discovery requests made to Texas Citizens Bank are as follows:

- All Documents related to Matthew Wiggins, Jr. or any of his related entities or corporations.

- All correspondence, including electronic transmissions, related to Matthew Wiggins, Jr. or any of his related entities or corporations.

- All correspondence, including electronic transmissions, between You and any representative of Mr. Matthew Wiggins, Jr.

- All correspondence, including electronic transmissions, between You and Mr. Matthew Wiggins, Jr.

16. None of the discovery requests (secretly) served upon Texas Citizens Bank (Mr. Wiggins' bank) were limited to the scope of the dispute in this lawsuit. There is absolutely no legal justification for seeking production of any of the above listed documents from Texas Citizens Bank as they are highly confidential and invade Mr. Wiggins' privacy rights. The requests were abusive and the Plaintiff intentionally violated Rule 5(a) in an attempt to secretly obtain Mr. Wiggins private and confidential information. Mr. Wiggins is a successful businessman and in the past has been a public figure in Galveston County. The Plaintiff secretly (and in direct violation of the Federal Rules) attempting to obtain Mr. Wiggins personal,

---

[3]. A copy of the Plaintiff's Request for Production served upon Texas Citizens Bank is attached hereto as Exhibit A. The Certificate of Service reflects that the discovery was not served upon Mr. Wiggins (as required by Rule 5).

confidential and private financial information leads one to believe that the Plaintiff has ulterior motives in pursuing this action against Mr. Wiggins. The Plaintiff simply intends to harass and annoy Mr. Wiggins and her conduct should be sanctioned.

WHEREFORE, PREMISES CONSIDERED, Matthew D. Wiggins respectfully requests that the Court deny the relief requested by Plaintiff, and award Matthew D. Wiggins all further relief that he may be entitled to in law or equity, including an award of sanctions against the Plaintiff for her discovery abuse.

Dated: August 6, 2013

Respectfully submitted,

HOOVER SLOVACEK LLP

By: /s/ T. Josh Judd
ANNIE CATMULL
State Bar No. 007944932
T. JOSH JUDD
State Bar No. 24036866
5847 San Felipe, Suite 2200
Houston, Texas 77057
Telephone: (713) 977-8686
Facsimile: (713) 977-5395

ATTORNEYS FOR MATTHEW D. WIGGINS

**CERTIFICATE OF SERVICE**

On August 6, 2013, I hereby certify that a true and correct copy of the foregoing has been served via electronic mail and/or by first class regular mail, postage prepaid, as indicated below.

(1)   **Plaintiff:**

*Via U.S. First Class Mail*
Janet Northrup, Trustee
Hughes Watters and Askanase
333 Clay, 29th Floor
Houston, Texas 77024

(2) **Counsel for the Plaintiff**

*<u>Via Electronic Transmission by the Clerk of the Court</u>*
Johnie J. Patterson on behalf of the Plaintiff
jjp@walkerandpatterson.com

(3) Bradford Irelan on behalf of Texas Citizens Bank, N.A.
irelan@irelanhargis.com

/s/T. Josh Judd
T. Josh Judd

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re | § | |
|    Amelia Kelly, | § | |
|       Debtor | § | CASE NO. 12-80534-G3-7 |
| | § | |
| JANET NORTHRUP, TRUSTEE, | § | |
|    Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | ADVERSARY NO. 13-08001 |
| MATTHEW WIGGINS, JR., and | § | |
| TEXAS CITIZENS BANK, N.A., | § | |
|    Defendants. | § | |

## PLAINTIFF'S REQUEST FOR PRODUCTION

**TO:** Defendant TEXAS CITIZENS BANK, N.A., by and through its attorney of record, James William Freyer, Suite 101, 14200 Gulf Freeway, Houston, TX 77034.

Pursuant to the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure, plaintiff Janet Northrup, Trustee serves this *Request for Production* upon plaintiff TEXAS CITIZENS BANK, N.A., for which responses and answers are due within thirty (30) days from receipt hereof.


EXHIBIT A

Respectfully submitted,

**WALKER AND PATTERSON P.C.**

By: /s/ Johnie Patterson
    Johnie Patterson
    SBN 15601700
    *Attorney in charge*
    Miriam Goott
    SBN 24048846

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208
713.956.5577 (telephone)
713.956.5570 (fax)

## CERTIFICATE OF SERVICE

I, Johnie Patterson, hereby certify that a true and correct copy of the foregoing *Request For Production* was served upon James William Freyer by electronic transmission on June 24, 2013.

                                    /s/ Johnie Patterson
                                    Johnie Patterson

## Instructions

1.  Under Rules 26 and 33 of the Federal Rules of Civil Procedure, as incorporated into the Federal Rules Bankruptcy Procedure, you are advised as follows:

    a. You are required to produce the documents requested within the date and time specified.

    b. You are required to produce the documents requested as they are kept in the ordinary course of business, or if you prefer, you may organize and label them to correspond with the categories in the Request.

    c. You are requested to produce such documents at the offices of Walker & Patterson, P.C. at 4815 Dacoma, Houston, TX 77092, or at such other place and time as may be mutually arranged by calling the office of Johnie Patterson, 713.956.5577.

    d. If you withhold any documents from production, you are required to serve a written response that identifies and describes the categories of documents which you are not producing and the specific reasons or objections for not producing same.

    e. If you withhold any documents from production under a claim of privilege, you are required to serve a written response that identifies and describes the legal and factual basis of the claim of privilege and a log of the allegedly privileged documents which provides for each document the date the document was prepared, the author of the document, all addressees, recipients, or other viewers of the document, the subject matter(s) of the document, the length of the document, and the present possessor or custodian of the document.

    f. Each responsive document shall be produced in its complete form, with all pages and exhibits. Each page of each document produced shall be either the original document itself or a legible, true and correct copy.

2.  You are required to produce all documents that are in your control, custody or possession. You are also required to produce all documents in the hands of your agents or representatives (*e.g.*, your employees, storage facilities, offsite archives, attorneys, and accountants) which you have the right to possess through exercise of your legal rights by requesting their return or by executing an appropriate authorization. If you are aware of responsive documents in the hands of third parties, you are required to identify same in writing to the undersigned, so that appropriate steps to obtain such documents may be taken.

3. In the event that a document called for is no longer in your possession because it has been lost, destroyed, or transferred to a third party, the response should disclose the disposition of the document, including but not limited to, a description of the document and the person or persons who lost, destroyed or were sent the documents, the preparer of the document, its address or (if different), its addressees, each recipient thereof, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, a description of its contents and subject matter, the date of its destruction, the manner of its destruction, the name, title and address of the person authorizing its destruction, the name, title and address of the person destroying the document and a description of efforts to locate the document and copies of it.

4. You have a duty to supplement your responses if you learn that in some material respect your original responses have become incomplete or incorrect. In particular, if you receive additional documents that would augment or otherwise modify your original responses, you must produce the additional documents in accordance with the procedures described in these instructions.

5. Each paragraph herein shall be construed independently and not with reference to any other paragraph for the purpose of limitation.

6. Unless a period of time is specified in a particular request, documents produced pursuant hereto shall relate to the last ten years.

### Definitions

Except as specifically defined below, the terms used in this Request shall be given their plain and ordinary meaning.

(1) "Document" shall be used in its broadest sense to mean every tangible means or method of communicating, formalizing, recording, stating, storing, writing, or transmitting facts, ideas, and information. For purposes of illustration only and not limitation, examples of "Documents" include:

A. letters, memoranda, notes, reports, summaries, papers, files, books, records, legal papers, telegrams, electronic or e-mail transmissions, text messages, "PIN" messages, telex transmissions, facsimile transmissions, worksheets, studies, commentaries, affidavits, contracts, agreements, interviews, drawings, graphs, models, pictorials, sketches, photographs, flow charts, manuals, procedures, data, time sheets, invoices, receipts, vouchers, tickets, canceled checks, telephone slips, itineraries, diaries, appointment books, calendars, logs, ledgers, journals, balance sheets, profit and loss statements, microfiche, microfilm, magnetic tapes, diskettes, disk drives, and all other tangible forms of ideas and thoughts that relate to, discuss, consider or otherwise refer to the subject matter of the particular discovery requested;

B. originals, non-identical reproductions, transactions or copies of documents;

C. all prior drafts or versions of requested documents;

D. handwritten, typewritten, printed, photocopied, photographed, electronic, or other recorded matter;

E. information accessed or stored through computer, digital, analog, laser, CD, flash drive, hard drive, web-based storage, disk, tape, or other electronic information system;

F. all tangible forms of facts and ideas, regardless whether or not intended to be kept in confidence or restricted disclosure; and

G. notes, minutes, transcripts, tape recordings, digital recordings, videotape recordings, or other recordings of meetings, telephone conversations, teleconferences, or other communications.

(2)   "And" as well as "or" are used in the broadest sense and shall be construed either disjunctively or conjunctively as necessary to require production of documents that might otherwise be construed to be outside the scope of a request. Similarly, the singular form of words shall include the plural and the plural shall include the singular, except as the context may otherwise dictate.

(3)   "Person" as used herein means natural persons, groups of natural persons acting as individuals, groups of persons acting in a collegial capacity (*e.g.*, as a committee, board of directors), corporations, partnerships, limited partnerships, joint ventures, and any other business or legal or social entity of any kind, whether public or private.

(4) "Evidences" or "evidencing" as used herein shall mean providing, indicating, or probative of the existence or nature of.

(5) "Any" as used herein shall mean any and all.

(6) "Communication" as used herein shall mean any document, oral statement, meeting, or conference, formal or informal, at any time or place, and under any circumstances whatsoever, whereby information of any nature was stated, written, recorded or in any manner transmitted or transferred.

(7) "Relating to" or "incident to" a given subject means any document or communication that constitutes, evidences, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, involves, or is in any way pertinent to that subject including, without limitation, documents concerning the presentation of other documents.

## DOCUMENTS REQUESTED

1. All Documents which may be used to support your claims or defenses in this adversary.

2. All correspondence, including electronic transmissions, between You and Mr. Matthew Wiggins, Jr.

3. All correspondence, including electronic transmissions, between You and any representative of Mr. Matthew Wiggins, Jr.

4. All correspondence, including electronic transmissions, related to 701 Bay Avenue, Kemah, TX.

5. All correspondence, including electronic transmissions, related to Matthew Wiggins, Jr. or any of his related entities or corporations.

6. All Documents related to 701 Bay Avenue, Kemah, TX.

7. All Documents related to Matthew Wiggins, Jr. or any of his related entities or corporations.

8. All Documents related to the $1,000,000.00 loan You made to Matthew Wiggins, Jr. on or about February 22, 2011.

9. All Documents which support Your claim that You have a valid first lien on 701 Bay Avenue, Kemah, TX.